UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM FITZSIMMONS,

     Plaintiff,

v.                               CASE NO. 8:12-cv-2143-T-23AEP

SHERIFF BOB WHITE, *et al.*,

     Defendants.

_____/

### O R D E R

     Fitzsimmons's complaint alleges that the defendants violated his civil rights when they were deliberately indifferent to a serious medical need.  Fitzsimmons injured the "ring finger" on his right hand while playing volleyball in the Pasco County jail in 2002.  Fitzsimmons alleges that he was denied adequate medical care both while confined in the Pasco County jail and while confined in the Florida Department of Corrections ("DOC").  Because Fitzsimmons settled with the DOC defendants (Docs. 90–92), only the Pasco County defendants remain in this action, specifically Sheriff Bob White, Dr. Ben Chiang, and Dr. Tracy McKay, who move to dismiss the action as time-barred.  (Docs. 38, 44, and 61)  Fitzsimmons's argument that his action is not time-barred lacks merit.

The defendants move to dismiss the complaint under Rule 12(b)(6), Federal Rules of Civil Procedure, and assert the affirmative defense that the action is barred by the statute of limitation under Rule 8(c)(1).  Although a *pro se* complaint receives a generous interpretation, *see, e.g., Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), and *Kirby v. Siegleman*, 195 F.3d 1285, 1289 (11th Cir. 1999), the complaint must meet certain requirements.

## Statute of Limitations

Because Section 1983 contains no limitation, the state's four–year limitation for a personal injury claim governs a Section 1983 claim.  *Wilson v. Garcia*, 471 U.S. 261, 276–79 (1985); *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) ("Florida's four–year statute of limitations applies to such claims of deprivation of rights under 42 U.S.C. §§ 1983 and 1985."), *cert. denied*, 540 U.S. 1219 (2004).  Although state law determines the limitation, federal law determines when the limitation begins.  *Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law.") (italics original).  Recognizing that his action is untimely if the limitation begins with the initial 2002 injury, Fitzsimmons argues that the limitation did not begin until the injury was properly diagnosed in 2012 as a torn ligament.  As explained in *Sneed v.*

*Pan Am. Hosp.*, 370 Fed. App'x 47, 49 (11th Cir. 2010),[1] *cert. denied*, 131 U.S. 1482

(2011), the limitation begins when a person should know that they have an injury:

> For a § 1983 action, the statute begins to run from the date "the
> facts which would support a cause of action are apparent or
> should be apparent to a person with a reasonably prudent
> regard for his rights." *Brown v. Georgia Bd. of Pardons and Paroles*,
> 335 F.3d 1259, 1261 (11th Cir. 2003) (internal quotation marks
> omitted).

*See also Wallace v. Kato*, 549 U.S. at 388 ("[I]t is the standard rule that accrual occurs

when the plaintiff has 'a complete and present cause of action,' that is, when the

plaintiff can file suit and obtain relief.") (internal citations omitted).

## Facts

Initially Fitzsimmons's injury in June, 2002 was diagnosed as a dislocated

finger.  Medical personnel at the Pasco County jail treated the injury with an ice

pack.  Fitzsimmons alleges that he complained to the medical personnel about the

pain and disfigurement but he was not provided additional treatment. Approximately

eighteen months later X–rays showed "bone chips."  Fitzsimmons was referred to an

outside doctor who determined that elective surgery was possible and recommenced

physical therapy.   Fitzsimmons was detained in the Pasco County jail for more than

two years after the injury, during which time he filed grievances, exhausted his

administrative remedies, and complained about the lack of medical care.

---

[1]  "Unpublished opinions are not considered binding precedent, but they may be cited as
persuasive authority." 11th Cir. Rule 36-2.

In 2005 Fitzsimmons was transferred to the custody of the DOC, where medical personnel diagnosed the injury as a dislocated finger but allegedly provided no medical treatment.  In 2007 Fitzsimmons was transferred to the Pasco County jail — where he allegedly again received no medical treatment — and he was returned to the DOC a few months later.  In 2010 Fitzsimmons complained to the DOC medical personnel about the deformity.  He alleges that, although he was examined, he received no treatment.  Fitzsimmons alleges that in 2011 he sent an sketched outline of his right hand to the Secretary of the DOC, after which he received an X–ray but allegedly no other treatment.  In 2012, Fitzsimmons broke a bone in the thumb of his left hand.  While examining Fitzsimmons's thumb, an orthopedic doctor also examined the finger and determined that the injury was a torn ligament, which he later surgically repaired.  Fitzsimmons contends that the limitation did not begin until 2012 when the injury was properly diagnosed.

## Cause of Action

A state has the constitutional obligation to provide adequate medical care — not mistake-free medical care — to those in confinement.  *Adams v. Poag*, 61 F.3d 1537 (11th Cir. 1995), *Mandel v. Doe*, 888 F.2d 783 (11th Cir. 1989).  "Accidents, mistakes, negligence, and medical malpractice are not 'constitutional violations merely because the victim is a prisoner.'"  *Harris v. Coweta County*, 21 F.3d 388, 393 (11th Cir. 1994), *citing Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not

- 4 -

state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle*,

429 U.S. at 106.  "A medical decision not to order an X–ray, or like measures, does

not represent cruel and unusual punishment.  At most it is medical malpractice . . . ."

429 U.S. at 107.

Instead, an inmate is protected from deliberate indifference to a serious

medical need.  "[D]eliberate indifference to serious medical needs of prisoners

constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth

Amendment." *McElligott v. Foley*, 182 F.3d 1248, 1254 (11th Cir. 1999) (*quoting

Estelle*, 429 U.S. at 104).  In analyzing a claim of deliberate indifference to a serious

medical need, a court must focus on two components: "whether evidence of a serious

medical need exists; if so, whether the defendants' response to that need amounted to

deliberate indifference."  *Adams v. Poag*, 61 F.3d at 1543.  These two components are

explained further in *Gilmore v. Hodges*, 738 F.3d 266, 274 (2013):

> A plaintiff must first show an objectively serious medical need
> that, if unattended, posed a substantial risk of serious harm, and
> that the official's response to that need was objectively
> insufficient. *See Bingham v. Thomas*, 654 F.3d 1171, 1175–76
> (11th Cir. 2011). Second, the plaintiff must establish that the
> official acted with deliberate indifference, *i.e.*, the official
> subjectively knew of and disregarded the risk of serious harm,
> and acted with more than mere negligence.

*See also Clas v. Torres*, 549 Fed. App'x 922 (11th Cir. 2013) ("For a prisoner to state an

Eighth Amendment inadequate medical treatment claim under § 1983, the

allegations must show (1) an objectively serious medical need; (2) deliberate

- 5 -

indifference to that need by the defendant; and (3) causation between the indifference and the plaintiff's injury.").

The Eleventh Circuit describes a serious medical need as "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (*quoting Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994) (internal quotation marks and citation omitted). Whether based on a physician's diagnosis or an obvious injury necessitating treatment, the medical need must be "one that, if left unattended, poses a substantial risk of serious harm." *Farrow v. West*, 320 F.3d at 1243. *See Farmer v. Brennan*, 511 U.S. 825, 834, (1994).

*Farrow* lists examples of both "serious" and "non–serious" medical needs. *Compare Adams v. Poag,* 61 F.3d at 1539–41 and 1543 (finding that asthma, with continual breathing problems and with intermittent wheezing, coughing, and hyperventilating, can constitute a serious medical need), *Brown v. Hughes*, 894 F.2d 1533, 1538 (11th Cir. 1990) (holding that "a deliberate delay on the order of hours in providing care for a serious and painful broken foot is sufficient to state a constitutional claim"), *Mandel v. Doe*, 888 F.2d 783, 788 (11th Cir. 1989) (holding that evidence showing that the plaintiff's leg collapsed under him, was deteriorating and painful, and precluded him from walking, supported jury's conclusion that plaintiff had serious medical need), and *Aldridge v. Montgomery*, 753 F.2d 970, 972–73

(11th Cir. 1985) (finding that a long cut over the detainee's eye, which both required six stitches and had bled for two-and-a-half hours while in detention, was a serious medical need), *with Shabazz v. Barnauskas*, 790 F.2d 1536, 1538 (11th Cir. 1986) (holding that requiring an inmate — who has "pseudofolliculitis barbae" or "shaving bumps" — to shave, in contravention of a physician's order, "does not rise to the level of the cruel and unusual punishment forbidden by the Eighth Amendment") and *Dickson v. Colman*, 569 F.2d 1310, 1311 (5th Cir. 1978)[2] (rejecting an inmate's claim of a serious medical need based on his high blood pressure and pain from an old shoulder injury, which a doctor determined the inmate had a full range of motion).  *See also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004) (holding that a prisoner's HIV and hepatitis are serious medical needs).

Whether characterized as a dislocated finger or a torn ligament, Fitzsimmons's outline of his right hand shows an obviously disfigured finger necessitating treatment. Fitzsimmons's cause of action for the denial of adequate medical care for a serious medical need accrued in 2002, not in 2012 when the injury was diagnosed as a torn ligament.  In determining when a cause of action accrues the proper focus is on when the challenged acts occurred and not on when "the consequences of the acts became most painful." *Lorance v. AT&T Techonologies, Inc.*, 490 U.S. 900, 907 (1989).  As a consequence, Fitzsimmons's limitation for a cause of action against the Pasco

---

[2]  Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

County personnel expired in 2006 (four years from the date of the injury) or in 2009 (four years from when he was no longer detained in the Pasco County jail). Fitzsimmons's action, which he commenced in 2012, is time-barred unless he can prove entitlement to tolling of the limitation.

**Tolling**

None of the statutory tolling provisions under Section 95.051, Florida Statutes, apply to Fitzsimmons's action.  Instead, Fitzsimmons argues that Florida law recognizes (1) equitable tolling, (2) continuing treatment tolling, (3) delayed discovery tolling, and (4) continuing torts tolling.  First, although he correctly identifies the requirements for equitable tolling under Florida law, Fitzsimmons fails to show that the defendant's conduct mislead him, that an extraordinary circumstance prevented him from timely filing he action, or that he filed his action in the wrong forum.  Second, Fitzsimmons proves no entitlement to tolling for a continuous treatment because the Pasco County personnel ceased treating him in 2005 when he was transferred to the DOC.  Third, Fitzsimmons proves no entitlement to tolling under a delayed discovery theory because, as determined above, a reasonable person would have known that the Pasco County medical personnel were allegedly not providing adequate medical care for a serious medical need while he was detained in the Pasco County jail. *See  Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (The limitation begins "from the date the facts which would support a cause of action are apparent or should be apparent to a

- 8 -

person with a reasonably prudent regard for his rights.").  And fourth Fitzsimmons proves no entitlement to tolling under the theory of a continuing tort because "the continuing wrong doctrine 'cannot be employed where the plaintiff's injury is definite and discoverable, and nothing prevented the plaintiff from coming forward to seek redress.'" *Silverstein v. Fed. Bureau of Prisons*, 559 Fed. App'x 739, 751–52 (10th Cir. 2014) (citing *Tiberi v. Cigna Corp.*, 89 F.3d 1423, 1431 (10th Cir. 1996)).

Accordingly, the motions to dismiss (Docs. 38, 44, and 61) are **GRANTED**. The clerk must enter a judgment against Fitzsimmons and **CLOSE** this case.

ORDERED in Tampa, Florida, on May 12, 2015.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE